UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE EDWARD JACKSON, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> METRO/BI-STATE DEVELOPMENT ) <br> AGENCY, ) <br> ) <br> Defendant ) <br> ) | Case No. 4:05 CV 907 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Metro/Bi-State Development Agency's Motion to Dismiss Portions of the Third Amended Complaint (Doc. No. 29). The case arises out of Plaintiff's employment with Defendant. For the reasons discussed below, the Court grants Defendant's motion.

I.  **Background**

Plaintiff worked for Defendant as a Senior Network Analyst. He requested and was granted leave under the Family and Medical Leave Act ("FMLA") from October 15, 2002 through November 5, 2002. (First Amended Complaint, Doc. No. 8, at 3). He claims that while he was on leave, his supervisor, Susan Brocco, locked him out of the computer network and changed his voicemail password. (Third Amended Complaint, Doc. No. 28, at 3). When he returned from leave, he was placed on a ninety-day probation. He filed a complaint with the Department of Labor. (Id.).

1

Also in November 2002, Plaintiff made a complaint against Brocco, claiming racial discrimination. (Id.). This investigation was completed in early 2003. (Id.). On August 19, 2003, Brocco issued him a preliminary letter of termination. His employment was terminated on October 2, 2003. (Id.).

Plaintiff filed charges with the EEOC on July 20, 2004. (Complaint, Doc. No. 3, attached exh. 1). In his EEOC charges, he only claimed that he was terminated in retaliation for his racial discrimination claims, but does not mention hostile work environment. He received a right to sue letter, and filed his pro se Complaint in this Court on June 3, 2005. (Complaint, Doc. No. 1).

On March 30, 2006, Plaintiff filed his pro se Third Amended Complaint. In it, he alleges five counts: (1) Violation of Title VII of the Civil Rights Act of 1964; (2) Retaliation and Hostile Work Environment under 42 U.S.C. § 1981; (3) Violation of the Family and Medical Leave Act; (4) Whistle blower protection under the Federal False Claims Act; and (5) Wrongful termination. (Doc. No. 28). Defendant moves to dismiss portions of the complaint, namely, the claims for violation of the False Claims Act, hostile work environment under Title VII, and § 1981. The matter is now fully briefed and ready for disposition.

## II. Discussion

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v.

United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

A.  False Claims Act

Jackson alleges that he was terminated for asserting his rights under the Family and Medical Leave Act, in violation of the Federal False Claims Act. (Third Amended Complaint, Doc. No. 28, at 3). Metro moves to dismiss this count, contending that the False Claims Act protects whistle blowers who disclose fraud against the government, and that Jackson has not alleged any fraud against the government.

The False Claims Act protects employees who bring to light violations of the False Claims Act, which was enacted "was enacted with the purpose of [combating] widespread fraud by government contractors who were submitting inflated invoices and shipping faulty goods to the government." Moore v. Cal. Inst. of Tech. Jet Propulsion Lab., 275 F.3d 838, 844 (9th Cir. 2002) (internal quotations omitted). Jackson has not alleged that he engaged in a protected activity under the False Claims Act.

Retaliation in violation of the Family and Medical Leave Act is not a fraud against the government. Jackson correctly points out that the Family and Medical Leave Act protects employees from retaliation for opposing practices made unlawful by FMLA. 29 U.S.C. § 2915(a)(2). This, however, does not mean that violation of FMLA constitutes fraud upon the government. Jackson may still assert a claim for violation of FMLA, but the claim under the False Claims Act must be

dismissed.

Metro's Motion to Dismiss Jackson's claim for violation of the Federal False Claims Act is granted.

B.  <u>Title VII</u>

In the Third Amended Complaint, Jackson asserts a claim for hostile work environment. In his Charge of Discrimination, Jackson mentions only retaliation. Metro contends that the hostile work environment claim must be dismissed because Jackson failed to exhaust administrative remedies, and because he alleges no facts that support a claim for a hostile work environment.

Jackson responds that the hostile work environment charge "grows out of or is like or reasonably related to" the retaliation charge. (Response in Opposition, Doc. No. 32, attached Memorandum, at 3). However, under Eighth Circuit law, "it is well established that retaliation claims are not reasonably related to underlying discrimination claims." <u>Wallin v. Minnesota Dept. of Corrections</u>, 153 F.3d 681, 688 (8th Cir. 1998). <u>See also</u> <u>Duncan v. Delta Consol. Industries, Inc.</u>, 371 F.3d 1020, 1025 (8th Cir. 2004) ("charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment"). The Court is mindful that Jackson is pro se, but even construing the EEOC charge liberally, there is no reasonable relation to a hostile work environment claim. "[T]here is a difference between liberally reading a claim which "lacks specificity,"... and inventing ... a claim which simply was not made" in the EEOC charge. <u>Shannon v. Ford Motor Co.</u>, 72 F.3d 678, 685 (8th Cir. 1996).

Because Jackson did not exhaust administrative remedies for his hostile environment claim, it must be dismissed.

4

C.  42 U.S.C. § 1981

In Count II, Jackson alleges a violation of 42 U.S.C. § 1981. As a municipal body,[1] Metro cannot be liable under § 1981 because the complained of acts were not alleged to be part of an official policy or custom. Jett v. Dallas Independent School Dist., 491 U.S. 701, 736, 109 S. Ct. 2702, 2723 (1989). "Although municipal liability for violating constitutional rights may arise from a single act of a policy maker, that act must come from one in an authoritative policy making position and represent the official policy of the municipality." McGautha v. Jackson County, Mo., Collections Dept., 36 F.3d 53, 56 (8th Cir. 1994) (internal citations omitted). Liability may also arise from custom and usage, "actions performed pursuant to a municipal custom not formally approved by an authorized decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998) (internal quotations omitted)

Jackson alleges that his supervisor, Susan Brocco was the source of the retaliation. (Third Amended Complaint, Doc. No. 28, at 3). Her alleged actions cannot be part of an official custom or policy, because when Jackson brought them to the attention of the Metro Equal Employment Officer, Ms. Brocco was "assigned to management classes and her right to reprimand employees was revoked." (Id.). Because she was reprimanded for her alleged actions, they cannot be part of an official custom or policy.

Metro's Motion to Dismiss the claim under 42 U.S.C. § 1981 is granted.

---

[1] Under Missouri statutes, Metro/Bi-state is a "public governmental body." Mo. Rev. Stat. 610.010(4)(g). It has also been characterized as a "branch of the state." Walker v. Bi-State Dev. Agency of Mo.-Il. Metro. Dist., 763 F. Supp. 409, 411 (E.D. Mo. 1991).

5

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Metro/Bi-State Development Agency's Motion to Dismiss Portions of the Third Amended Complaint (Doc. No. 29) is **GRANTED**.

Dated this 8th day of August, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE